IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASPEN INSURANCE UK LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>KILLARNEY CONSTRUCTION CO., INC., CULLINANE CONSTRUCTION, MID-MARKET DEVELOPMENT COMPANY, INC., AL NORMAL MECHANICAL, INC. and DOES 1 through 50,<br><br>    Defendants.<br>_____/ | No. C 11-1294 RS<br><br>**ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT** |

## I. BACKGROUND

Plaintiff Aspen Insurance and Intervenor AXIS Specialty Insurance move separately for default judgment after defendants failed to answer either the complaint or the complaint-in-intervention. AXIS seeks entry of default judgment against all defendants: Al Norman Mechanical, Cullinane Construction, Killarney Construction and Mid-Market Development. Aspen seeks such entry against Killarney Construction and Mid-Market Development only. Defendants have not opposed these motions and did not appear at the hearing on May 17, 2012. Accordingly, Aspen's and AXIS' motions are granted.

## II. FACTUAL BACKGROUND

Aspen filed this matter seeking a judicial determination of its rights and obligations in connection with a construction dispute in San Francisco County Superior Court, *Performing Arts, LLC v. Killarney Construction Co., Inc.*, No. CGC 10-498405. The underlying action arose from a building renovation at 973 Market Street, San Francisco, California. After the project was abandoned in 2008, Performing Arts LLC, the project's purported owner, brought suit for negligent construction against a number of contractors and subcontractors, including Al Norman Mechanical, Cullinane Construction, Killarney Construction and Mid-Market Development. Performing Arts

then submitted the matter to Aspen which agreed to defend Cullinane Construction and Al Normal Mechanical subject to a full reservation of rights. Aspen subsequently learned that Killarney Construction is a suspended corporation and Mid-Market Development is a merged-out corporation and agreed to defend Killarney Construction as well.

After intervening in the underlying suit, Aspen brought suit for declaratory relief and reimbursement of defense costs, alleging the claims in superior court are not covered under its policy. While Aspen initially named Al Norman Mechanical, Cullinane Construction, Killarney Construction and Mid-Market Development as defendants in the coverage dispute, it has since dismissed Cullinane Construction and Al Norman Mechanical. In its complaint, Aspen argues that the applicable insurance policy, No. EWFMS0107, only covers property damage on projects which have completed escrow. Here, where the project was abandoned, Aspen contends its policy does not provide coverage. Neither Killarney Construction nor Mid-Market responded to Aspen's complaint and the Clerk of Court entered default against these two defendants on August 4, 2011, and July 18, 2011, respectively.

AXIS, an excess carrier to Aspen's policy, thereafter, filed its complaint-in-intervention similarly seeking a declaratory judgment that it had no duty to defend or to indemnify the project's contractors. AXIS maintains that its policy, No. ELU734404/01/2007, follows the terms and exclusions of the Aspen Policy and is, therefore, similarly inapplicable to the property damage at issue in the underlying action. Despite proper notice and service, none of defendants responded to AXIS' complaint-in-intervention. Default was entered against Al Norman Mechanical, Cullinane Construction, and Mid-Market Development on July 21, 2011, and against Killarney Construction on August 4, 2011.

Both Aspen and AXIS now move for entry of default judgment. Aspen seeks a declaration that is has no duty to defend or indemnify Killarney Construction or Mid-Market Development for the claims or damages alleged in the underlying action. AXIS requests a declaration that it has no duty to reimburse, contribute to, or indemnify Al Norman Mechanical, Cullinane Construction, Killarney Construction and Mid-Market Development, for the claims or damages alleged in the underlying action.

III. LEGAL STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion. See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## IV.  DISCUSSION

On balance, the *Eitel* factors weigh in favor of entering default judgment in this case. In particular, the first, second, third, and sixth factors—considering prejudice to the plaintiff, the merits of plaintiff's substantive claim, sufficiency of the complaint, and lack of excusable neglect—support the requested relief. The first factor weighs in plaintiffs' favor because without entry of default both Aspen and AXIS would be continuously exposed to liability in the underlying construction dispute. They would also be prejudiced in that they would be "denied the right to judicial resolution of the claims" presented against defendants. *N. Am. Specialty Ins. Co. v. Campbell*, CIVS092061GEBEFB, 2010 WL 1980205, at *5 (E.D. Cal. May 17, 2010).

The second and third factors further support granting the motions because the complaint and complaint-in-intervention are legally sufficient and state meritorious claims for declaratory relief. As stated above, once a clerk enters default, all well-pleaded factual allegations contained in the pleadings are accepted as true. *TeleVideo Sys., Inc.*, 826 F.2d at 917-18. Aspen's complaint states that its policy does not cover the underlying action because the policy clearly excludes property damage which occurs during construction. The complaint then accurately contends that a judicial determination of its coverage obligations is necessary because the ongoing litigation in superior court presents an actual insurance coverage controversy. Declaratory relief is thereby proper to resolve this dispute. *See generally United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1107 (9th Cir. 2001). AXIS' pleading is equally meritorious. The AXIS policy is a following form

excess policy which explicitly precludes coverage for damage to abandoned property, such as the project at issue. AXIS is similarly entitled to declaratory relief to determine the parties' relative obligations with respect to defense expenses in the underlying action. *See* Cal. Ins. Code § 11580 (permitting third parties to seek a right of indemnification in insurance coverage disputes).

Finally, there is no evidence that defendants' defaults are a result of excusable neglect. Both Killarney Construction and Mid-Market Development appear to be non-operational corporations with no intention or means to contest Aspen or AXIS in this suit. Al Norman Mechanical was given proper notice and service, yet failed either to respond or appear in court to contest AXIS' motion. Cullinane Construction has also been delinquent. AXIS attempted properly to serve Cullinane via personal service at its last known business location and by a request of waiver of summons to counsel. When these attempts failed, AXIS served Cullinane by publication. Regardless, Cullinane has yet to respond to the complaint-in-intervention. Accordingly, although the fourth and fifth *Eitel* factors considering the sum of money at stake and the preference for resolution on the merits, weigh slightly against entry of default, Aspen and AXIS have sufficiently demonstrated that default judgment is warranted.

## III. CONCLUSION

AXIS's motion for entry of default against Al Norman Mechanical, Cullinane Construction, Killarney Construction and Mid-Market Development is granted. Aspen's motion as asserted against Killarney Construction Company and Mid-Market Development is also granted. The Court hereby grants judgment declaring that Aspen has no duty to defend or to indemnify Killarney Construction or Mid-Market Development for the claims alleged in superior court and that AXIS has no duty to reimburse or to indemnify defendants for any expenses or damages arising from the underlying action.

IT IS SO ORDERED.

Dated: 5/17/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT
4